UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN WATKINS,<br><br>                              Plaintiff,<br>     v.<br>NATHAN HUGHES, et al.,<br><br>                            Defendants. | Case No. 3:15-cv-00186-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I.   SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 42) relating to Defendant Isidro Baca's[1] motion for summary judgment ("Motion") (ECF No. 22.) Plaintiff filed a response (ECF Nos. 27, 31) and Defendant filed a reply (ECF No. 30). Plaintiff filed an Objection to the R&R (ECF No. 44) and Defendant filed a response to Plaintiff's Objection (ECF No. 45). After careful review and for the reasons discussed below, the Court adopts the R&R in full.

**II.   BACKGROUND**

Plaintiff is an inmate currently housed at Northern Nevada Correctional Center ("NNCC"). The Court ultimately permitted Plaintiff to proceed with Count I for violation of his First Amendment rights with respect to outgoing mail. (ECF No. 6.) Plaintiff alleges that Defendant violated his First Amendment rights by removing his outgoing legal mail from the mailroom to the law library for logging and/or reading. (ECF No. 4 at 4.) As a

---

[1] The Court granted Plaintiff's motion for leave to voluntarily dismiss Defendants Nathan Hughes and Sheryl Foster. (ECF No. 29.)

result of this action, Plaintiff claims that Defendant's interference with his outgoing legal mail caused a state court to dismiss plaintiff's timely opposition because it was filed one day late. (*Id.* at 5.) The relevant background, which the Court adopts, is set out in the R&R. (*See* ECF No. 42 at 1-2.)

**III.   LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to the magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objections, the Court has engaged in a de novo review to determine whether to adopt Magistrate Judge Cooke's recommendations. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review any issue that is not the subject of an objection). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

**IV.   DISCUSSION**

While prisoners have a constitutional right to send and receive mail, prison administrators are given discretion to govern the order and security of the prison. (*See*

ECF No. 42 at 5 (citing *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) and *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989)).) Prison officials are not allowed to review a prisoner's legal documents before sending them to court, but prison officials may identify mail from a prisoner's attorney and open such mail in front of the prisoner for visual inspection. (*See* ECF No. 5 (citing *Ex Parte Hull*, 312 U.S. 546, 549 (1941) and *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974)).)

Plaintiff alleges that Nevada Department of Corrections' ("NDOC") officials have read and/or interfered with his outgoing legal mail in violation of his First Amendment rights. (ECF No. 4 at 4-6.) However, Plaintiff presented no evidence in response to Defendant's Motion or in his Objection to the R&R to demonstrate even a possibility that NDOC officials read or interfered with his outgoing legal mail. Based on the evidence available to the Court and as found by the Magistrate Judge in the R&R, prison administrators appear to log legal mail before it is sent out (and not read it). (*See* ECF No. 42 at 5.) Moreover, in Defendant's reply in support of his Motion, Defendant points out that Plaintiff placed his outgoing legal mail for pickup on a Friday (no time is indicated in the record). (ECF No. 30 at 4.) NDOC Administrative Regulation ("AR") 722 states that mail can be held for up to twenty-four hours for processing before arriving at the post office (*see* ECF No. 22 at 6), and AR 750 states that mail pickup and delivery does not occur on weekends or holidays (*see* AR 750). Thus, it is plausible that Plaintiff's legal document was not picked up by NDOC staff for logging until Monday morning at 10:30am, after which it was returned to the mail room at 3:30pm and sent out to the post office the subsequent day by 8:00 am.

Plaintiff also appears to rely on a Ninth Circuit case, *Douglas v. Noelle*, 567 F.3d 1102 (9th Cir. 2009), to assert that service is complete the "instant the documents are placed into the hands of the United States Post Office or Post Office Box." (ECF No. 44 at 5.) While this may be true when documents are filed a day late in federal court, it does not apply to the same situation in state court, where specific procedural rules of the state govern determination of service. Moreover, this Court dismissed Plaintiff's access to the

3

1 courts claim in the Screening Order. (*See* ECF No. 6.) Thus, Plaintiff's reliance on
2 *Douglas* is misplaced.
3 　　　The Court therefore accepts the reasoning of the Magistrate Judge and adopts
4 the R&R.

## V.　CONCLUSION

　　　It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 42) is accepted and adopted in full.

　　　It is ordered that Defendant's motion for summary judgment (ECF No. 22) is granted.

　　　The Clerk is directed to enter judgment in accordance with this Order and close this case.

　　　DATED THIS 22nd day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE